[Cite as *State v. Finley*, 2012-Ohio-2661.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24411 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2010-CR-226 |
| v. | : | |
| | : | |
| MARK FINLEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

### O P I N I O N

Rendered on the 15th day of June, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CHARLES W. MORRISON, Atty. Reg. #0084368, Morrison & Morrison, LLC, 31 West Franklin Street, Dayton, Ohio 45459
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}  Mark Finley appeals from the trial court's judgment and sentencing entry filed September 1, 2010, indicating that the defendant violated the conditions of his community control and ordering him to serve four years in prison for his conviction on one count of

tampering with evidence, a third-degree felony.

{¶ 2}   On January 23, 2012, Finley's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for our review. The only potential issues counsel identified concerned the trial court's decision to revoke community control and its decision to impose a four-year prison term. Counsel determined, however, that a challenge to the revocation decision or the sentence would be wholly frivolous.

{¶ 3}   With this court's permission, Finley filed a pro se brief. It reads:

The defendant-appellant have big promble [sic] with the evidence that was used against him to make a case.

The probation department has falsefility [sic] statement and there is no evidence to show the defendant-appellant assignment of error in the table of contents.

The information was giving [sic] by the probation department to the court, not showing a[n] arrest warrant or complain[t] against the defendant-appellant.

The defendant-appellant was put on no-brea[k] status that means any violation of supervision will result in revocation.

The defendant-appellant is requesting in this brrief [sic] that the Montgomery County probation department show cause by showing the appellate court a[n] arrest warrant or complain[t] that the defendant-appellant violation [sic] any probation rule under the Ohio RC.

The defendant-appellant is requesting the appellate court to correst [sic] the errors of this evidence that was used against him.

[Probation officer] Mr. Hayes make [sic] statement against the defendant ultimately arrested for an allege[d] assault that took place on July 27, 2010[.] [T]here is no evidence or arrest warrant to back up Mr. Hayes' statement or the probation department or the State of Ohio.

So the defendant-appellant is requesting for the appellate court to "(GRAND)" this brief respectfully.

{¶ 4}   The record reflects that Finley pled guilty to one count of evidence tampering pursuant to a plea agreement. The trial court placed him on community control for five years with "no breaks" supervision. It explained that any violation of his supervision conditions would result in revocation.

{¶ 5}   Four months later, the trial court held a revocation hearing. Probation Officer Brandon Hayes testified that Finley violated the conditions of his community control supervision by (1) failing to contact his probation officer about his alleged assault of his girlfriend, (2) failing to provide verification of employment,[1] (3) testing positive for cocaine and admitting cocaine use, (4) failing to attend CADAS treatment, and (5) failing to perform community service. Hayes' testimony includes factual support for the foregoing allegations. The only other witness was Finley. He denied most of Hayes' claims. He maintained that

---

[1] The Notice of Revocation, filed August 4, 2010, indicates that the defendant "failed to provide verification of employment." The judgment entry of conviction, filed April 30, 2010, includes a community control sanction of "Obtain and maintain verifiable employment." The defendant does not argue that those are different conditions. His revocation-hearing testimony does not demonstrate compliance with either.

Hayes was lying and that he had been doing what he was supposed to do. Finley did admit, however, that he had tested positive for cocaine.

{¶ 6} The trial court found Hayes credible and Finley not credible. It declined to consider the allegation about Finley assaulting his girlfriend but found violations based on Finley testing positive for cocaine, failing to attend CADAS treatment, failing to verify employment, and failing to perform community service. The trial court declared Finley no longer amenable to community control and imposed a four-year prison sentence. When imposing this sentence, the trial court noted that he had served three prior prison terms for convictions that included offenses of violence. The trial court also described Finley as being "very aggressive and very angry" in court. Finally, the trial court noted that it had considered the principles and purposes of sentencing as well as the statutory seriousness and recidivism factors.

{¶ 7} Having reviewed the record, we agree with appointed appellate counsel that a challenge to the trial court's revocation decision or to the sentence imposed would be wholly frivolous. The revocation decision is supported by the evidence, and the imposition of a four-year prison sentence was within the trial court's discretion. Contrary to the assertion in Finley's pro se brief, we see no potential issue with regard to the evidence in this case. Nor are we persuaded by his argument about the lack of a warrant or complaint advising him of the alleged violations. The record contains a written notice to Finley advising him of the alleged violations and of the revocation hearing. He appeared at the hearing with counsel and contested the allegations. The trial court acted within its discretion in rejecting his testimony and crediting the testimony of his probation officer.

**{¶ 8}**   Finally, pursuant to our responsibility under *Anders*, we have conducted an independent review of the record. We agree with the assessment of appointed appellate counsel that there are no non-frivolous issues for our review.

**{¶ 9}**   The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Charles Morrison
Mark Finley
Hon. Mary K. Huffman